UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NIVEEN ISMAIL,**<br><br>　　　　**Plaintiff,**<br><br>　v.<br><br>JULIE FULKERSON,<br><br>　　　　Defendant. | NO. SA CV 10-00901-VBF-AJW<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTIONS; ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE; GRANTING DEFENDANT FULKERSON'S MOTION FOR SUMMARY JUDGMENT ON FEDERAL-LAW CLAIMS AND DENYING IT WITHOUT PREJUDICE AS TO STATE-LAW CLAIMS |

　　　　This is a non-prisoner civil-rights action under 42 U.S.C. § 1983.  Only one defendant remains: Julie Fulkerson ("Fulkerson") in both her official and personal capacities.[1]  The previously-dismissed Ford defendants are the adoptive parents of plaintiff's biological child.  Defendant Fulkerson at the relevant times was a social worker employed by Orange County.  Fulkerson filed a Fed. R. Civ. P. 56 motion for summary judgment (Document ("Doc") 127) on the second amended complaint, plaintiff filed an opposition (Doc 129), and Fulkerson filed a reply (Doc 130).  On March 28, 2014,  United States Magistrate Judge Andrew J. Wistrich issued a Report and Recommendation ("R&R") recommending that the remaining federal claim

---

[1] This Court's August 23, 2012 Order (Doc 103) granted Fulkerson's motion to dismiss the complaint as to all claims except "federal and state[-]law claims against her arising from her alleged disclosure of the Evidence Code section 730 evaluation."  Plaintiff noticed an appeal, but the Ninth Circuit issued an Order (Doc 107) finding that appeal to be interlocutory and dismissing it for lack of jurisdiction in October 2012.

　　　　On April 29, 2014, the Court issued an Opinion & Order (Doc 146) granting summary judgment to the last remaining defendants other than Fulkerson, Michael Ford and Shelby Ford, on all federal claims, and declining to exercise supplemental jurisdiction over the state-law claims against the Fords.

against Fulkerson be dismissed with prejudice on the ground of qualified official immunity. Plaintiff filed objections (Docs 142 and 143), and Fulkerson filed a response (Doc 145). Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings, the motion briefs, the R&R, plaintiff's objections to the R&R and defendant's response thereto, the files and records herein, and the applicable law, and has conducted a *de novo* review of those portions of the R&R to which specific objections have been stated. Accordingly:

Plaintiff's objections **[Doc #142 and Doc #143] are OVERRULED**.
The Report and Recommendation **[Doc # 140] is ADOPTED.**

Defendant Julie Fulkerson's motion for summary judgment on the second amended complaint **[Doc # 127] is GRANTED in part and DENIED without prejudice in part**.

Julie Fulkerson's motion for summary judgment is granted to the following extent:
Pursuant to Fed. R. Civ. P. 56, the federal-law claims against Julie Fulkerson in her individual and official capacities are **DISMISSED with prejudice** on the ground of qualified official immunity.

Julie Fulkerson's motion for summary judgment is denied without prejudice to the following extent:
Pursuant to 28 U.S.C. § 1367, the Court **DECLINES supplemental jurisdiction** over all state-law claims against Julie Fulkerson in her official capacity and in her individual capacity. All state-law claims against Julie Fulkerson are **DISMISSED *without* prejudice** to their filing in an appropriate state court.

As required by Fed. R. Civ. P. 58(a)(1), the final judgment will be entered by separate document.[2]

IT IS SO ORDERED.

DATED:     August 12, 2014

*/s/ Valerie Baker Fairbank*
_____
VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

---

[2] *See Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013). "'To comply with Rule 58, an order must (1) be self-contained and separate from the opinion; (2) note the relief granted; and (3) omit or substantially omit the district court's reasons for disposing of the claims.'" *Elkins v. Foulkes*, 2014 WL 2615732, *14 n.4 (C.D. Cal. June 12, 2014) (quoting *Daley v. U.S. Attorney's Office*, 538 F. App'x 142, 143 (3d Cir. 2013) (citation omitted)). "A combined document denominated an Order and Judgment, containing factual background, legal reasoning, as well as a judgment, generally will not satisfy the rule's prescription." *In re Taumoepeau*, 523 F.3d 1213, 1217 (10th Cir. 2008) (internal quotation marks omitted).